# In the United States Court of Federal Claims

| | |
|---|---|
| ARNOLD DENARD SNELLING, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | No. 25-cv-487 <br><br> Filed: March 31, 2025 |

### ORDER

Plaintiff Arnold Denard Snelling, proceeding *pro se*, brings this action against two Defendants, a Florida state court judge and the clerk of a Florida state court. Plaintiff claims that the Defendants' actions, related to a case about property in Jacksonville, Florida, violated his rights under the Due Process and Double Jeopardy clauses of the Fifth Amendment of the United States Constitution and constituted fraud, conspiracy, and a violation of the Defendants' oaths of office. This Court, however, is a court of limited jurisdiction that may only hear claims against the United States. Thus, this Court may not hear claims against individuals or state officials, like those brought by Plaintiff here. Put simply, Plaintiff has filed in the wrong court.

### BACKGROUND

On March 17, 2025, Plaintiff Arnold Denard Snelling, proceeding *pro se*, filed his Complaint. ECF No. 1 (Compl.). Plaintiff names two Defendants, the Clerk of the Circuit Court of Volusia County Florida (Volusia Clerk) and the Honorable Virginia Norton, a state circuit judge in Florida (Judge Norton) (collectively, Defendants). *Id.* at 4.[1] Plaintiff alleges that two

---

[1] Citations throughout this Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

individuals, referred to as "Petitioners," working with his step-niece, engaged in a fraudulent scheme to take property located in Jacksonville to which Plaintiff claims he is the rightful heir. *Id.* Plaintiff attempted to file a "UCC lien" in Duval County Court to protect his property, but the presiding judge dismissed the case. *Id.* at 5. Petitioners then initiated a new case in Volusia County Court. *Id.* Plaintiff claims that this new case was a violation of the of Double Jeopardy Clause of the Fifth Amendment of the United States Constitution as the new case was based on the same facts as the case dismissed in Duval County Court. *Id.* at 5–6. Plaintiff also alleges that the Defendants' actions violated his due process rights under the Fifth Amendment as well as the Florida Constitution because the Volusia Clerk, "acting under the authority of Defendant Judge Norton," failed to notify Plaintiff of proceedings. *Id.* Finally, he asserts that the Defendants are aiding the Petitioners to unlawfully seize Plaintiff's property. *Id.* at 6.

Plaintiff lists four counts against Defendants, (i) violation of due process, (ii) fraud and conspiracy, (iii) violation of oath of office, and (iv) double jeopardy. *Id.* He seeks "8.6 million dollars in silver or gold bullions," a declaration that Defendants violated his constitutional rights, an order vacating the actions taken by the Volusia Court and Judge Norton, and award plaintiff the return of any taken property. *Id.* at 3, 7.

## APPLICABLE LEGAL STANDARDS

"The Court of Federal Claims is a court of limited jurisdiction." *Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014). Generally, the Tucker Act defines this Court's jurisdiction. *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). It does not create any

2

enforceable right against the United States on its own nor does it grant jurisdiction for "every claim invoking the Constitution, a federal statute, or a regulation." *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1987). To invoke jurisdiction under the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).

This Court liberally construes complaints filed by *pro se* plaintiffs. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Although held to a less stringent standard for procedural deficiencies, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *See Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, pro se or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements."). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

This Court must dismiss claims outside its jurisdiction. Rule 12(h)(3); *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim."). "[T]he court must address jurisdictional issues, even *sua sponte*, whenever those issues come to the court's attention, whether raised by a party or not." *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019); *see also Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*.").

3

**DISCUSSION**

This Court lacks jurisdiction over Plaintiff's claims. First, Plaintiff's claims are plainly directed towards individuals, not the United States. Second, even if Plaintiff's claims could be construed as being brought against the United States, this Court lacks jurisdiction over Plaintiff's allegations. Therefore, Plaintiff's claims must be dismissed. *See* Rule 12(h)(3).

*First*, it is well-established that this Court lacks jurisdiction to hear claims against private parties and state actors. *Sherwood v. United States*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); *see also Lofton v. United States*, No. 24-1959, 2025 WL 350360, *1 (Fed. Cir. Jan. 31, 2025) ("The United States is the only proper defendant in the Claims Court."). As Plaintiff's claims against the Defendants—the Volusia Clerk and Judge Norton—are directed at state officials and not the United States, they "are obviously beyond this court's jurisdiction." *Vlahakis v. United States*, 215 Ct. Cl. 1018, 1018 (1978); Compl. at 4, 6. To the extent Plaintiff is bringing claims against the Petitioners and his step-niece, this Court still lacks jurisdiction to hear claims against those individuals. *See Sherwood*, 312 U.S. at 588; Compl. at 4, 6; *see also Lofton*, 2025 WL 350360, at *1 ("The United States is the only proper defendant in the Claims Court."). Thus, this Court lacks jurisdiction over Plaintiff's claims as they are not brought against the United States.

*Second*, even if this Court could hear Plaintiff's claims against the Defendants, this Court lacks jurisdiction over Plaintiff's allegations, which include violations of due process, double jeopardy, the Florida state Constitution as well as fraud, conspiracy, theft, and violation of oath of office. *See* Compl. at 4–7. Each claim either fails to invoke a money-mandating source of law, sounds in tort, or is a criminal violation. Thus, each claim falls outside the limited jurisdiction of this Court. Neither the Due Process Clause nor the Double Jeopardy Clause of the Fifth

4

Amendment are money mandating. *James v. Caldera*, 159 F.3d 573, 581 (Fed. Cir. 1998) ("[T]he Court of Federal Claims lacks jurisdiction over [Due Process Clause and Double Jeopardy] claims because neither of the two clauses is a money-mandating provision."); *see Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (noting that "[t]he law is well settled" that the Due Process Clause is not money mandating); *Taylor v. United States*, 666 F. App'x 896, 898 (Fed. Cir. 2016) (noting that the Double Jeopardy Clause of the Fifth Amendment is not money mandating); *see also Fisher*, 402 F.3d at 1172 ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages.").

Plaintiff's fraud, conspiracy, and theft claims also fall outside of this Court's jurisdiction regardless of whether they are considered as criminal or tort claims. *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) (recognizing that "tort cases are outside the jurisdiction of the Court of Federal Claims"); *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) (noting that this Court "has no jurisdiction over criminal matters generally"); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (recognizing that the Court of Federal Claims lacks jurisdiction over claims "grounded upon fraud, which is a tort"); *Hood v. United States*, 659 F. App'x 655, 666 (Fed. Cir. 2016) ("The Court of Federal Claims therefore correctly concluded that it lacked jurisdiction to consider [plaintiff's] allegations of fraud and conspiracy."); *Ross v. United States*, 489 F. App'x 440, 441 (Fed. Cir. 2012) ("To the extent that [plaintiff] asserts claims sounding in tort, such as theft and fraud, the Court of Federal Claims does not have jurisdiction to hear those claims.").

Plaintiff's claim for a violation of an oath of office also fails whether considered as a tort or as a contract claim. *In re Raghubir*, 831 F. App'x 957, 958 (Fed. Cir. 2020) ("There is no non-frivolous argument that the Court of Federal Claims has jurisdiction over such a claim [for a breach

5

of an implied contract set forth in an oath of office]."); *Taylor v. United States*, 139 Fed. Cl. 4, 8 (2018), *aff'd*, 747 F. App'x 863 (Fed. Cir. 2019) ("An oath of office, however, is not a contract, and in any event, claims arising from the alleged failure to abide by that oath sound in tort."); *Nalette v. United States*, 72 Fed. Cl. 198, 202 (2006) (determining that claims alleging the breach of an oath of office sound in tort). Finally, Plaintiff cannot invoke this Court's jurisdiction by claiming a violation of the Florida Constitution because "it is axiomatic that this Court lacks jurisdiction to hear claims founded on state law." *Doiban v. United States*, 173 Fed. Cl. 527, 546 (2024) (citing 28 U.S.C. § 1491); *see also Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) ("Claims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims.").

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** for lack of jurisdiction pursuant to Rule 12(h)(3). Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) is **GRANTED** as Plaintiff submitted documentation satisfying the statute's requirements. *See* 28 U.S.C. § 1915. The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge